UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00377-MSK

MARKHAM GRANT DALY,

      Plaintiff,

  v.

JASON ARMSTRONG,

      Defendant.
_____

## ORDER OF REMAND
_____

THIS MATTER comes before the Court *sua sponte*.

This action was initiated by the Plaintiff Markham Grant Daly's removal of a state case from the District[1] Court of Jefferson County. This is Mr. Daly's second attempt to remove the state action. In Civil Action No. 10-cv-00297, this Court remanded the state case for numerous reasons **(#2)**.

After reviewing the petition,[2] the Court again finds that removal is improper for

---

[1] The notice is not clear whether the action is pending in the county or district court, and the plaintiff has not submitted any pleadings from such action which would clarify the issue. Thus, further reference will be to the state action or case.

[2] In reviewing the petition, the Court is mindful that Mr. Daly is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must

substantially the same reasons as articulated in Civil Action No. 10-cv-00297.[3] In particular, the Court notes that as the party seeking compensation in the state court action, Mr. Daly lacks the ability to remove the action under 28 U.S.C. § 1441(a); he has failed to comply with the requirements of the removal statute, 28 U.S.C. § 1446; and he has not demonstrated that this Court has subject matter jurisdiction over the action.[4]

---

apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[3] At the outset, the Court notes that there is a strong presumption against federal court jurisdiction based upon removal. *See Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1212 (D. Colo. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290–92 (1938) and *Martin v. Franklin*, 251 F.3d 1284, 1289 (10th Cir. 2000)). Indeed, a district court is required to remand a case when it "appears" that it lacks subject matter jurisdiction. *See id.*; 528 U.S.C. § 1447.

[4] As to federal question jurisdiction pursuant to 28 U.S.C. § 1331, the Court is unable to determine whether the claims arise under federal law because neither the underlying complaint nor a description of the underlying claims has been provided. Furthermore, to the extent that removal is premised upon events that took place during the underlying litigation rather than the claims asserted in the action, it is not proper. *See Felix v. Lucent Tech. Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004) (providing that the presence of federal question jurisdiction is determined from the face of the complaint).

With respect to diversity jurisdiction under 28 U.S.C. § 1332(a), Mr. Daly has not demonstrated that the requisite amount in controversy is satisfied. His conclusory statement that the amount in controversy is $110,000 is not supported by any factual statements or assertion that this amount was sought in the underlying action and, therefore, is insufficient. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953–56 (10th Cir. 2008).

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the state court.

This case shall be closed. Mr. Daly is advised that further attempt to improperly remove an action initiated by him in state court may result in the imposition of sanctions.

Dated this 24th day of February, 2010

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge